IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARVEY KALAN, M.D., THE HARVEY KALAN, M.D., INC. EMPLOYEE WELFARE BENEFIT PLAN, PAMELA K. ERDMAN, M.D., THE DE. PAMELA K. ERDMAN, M.D., INC. EMPLOYEE WELFARE BENEFIT PLAN, GRETCHEN CASTELLANO, DR. MARTIN ZENNI, DR. ELISSA ZENNI and THE M&E ZENNI INC., WELFARE BENEFIT PLAN,** <br> Plaintiffs, <br><br> v. <br><br> **FARMERS & MERCHANTS TRUST COMPANY OF CHAMBERSBURG, LAWRENCE KORESKO, KORESKO FINANCIAL, LLP, FREEDOM BROKERS, LLC, PENNMONT BENEFITS, INC., DEON DANIEL, LINCOLN NATIONAL CORPORATION, SAMUELS, YOELIN KANTOR, LLP, JEFFREY NIEMAN, LOCKE LORD BISSELL & LIDDELL, LLP, ANDERSON KILL & OLICK, P.C., CHAPLIN & DRYSDALE, GATES HALBRUNER & HATCH, CHRISTIE PARABUE MORTEN & YOUNG, JEFFERSON GOVERNMENT RELATIONS, THEODORE HOBSON, BONNIE KORESKO and JOHN DOE COMPANIES 1-50,** <br> Defendants. | CIVIL ACTION <br><br><br> NO.  15-1435 |

## OPINION

Plaintiffs bring this action against defendant Samuels, Yoelin Kantor LLP ("SYK"), a law firm, *et al.*. Plaintiffs allege that SYK represented, *inter alia*, co-defendants PennMont Benefits Inc. and Lawrence Koresko in or around 2014, that the co-defendants' payment to SYK for its services improperly transferred Employee Retirement Income Security Act of 1974

("ERISA") plan assets, and that SYK committed legal malpractice and breach of fiduciary duty. Before the Court are SYK's motion to dismiss plaintiffs' claims against it for lack of personal jurisdiction and failure to state a claim, and SYK's motion to sever. For the reasons that follow, defendant's motion is granted in part and denied in part. As the Court writes for the parties, familiarity with the underlying factual and procedural history of this matter is assumed.

## II. DISCUSSION

### A. Personal Jurisdiction

SYK moves to dismiss plaintiffs' claims against it for lack of personal jurisdiction on the ground that it lacks minimum contacts with the Eastern District of Pennsylvania. Mtn. at 9. Plaintiffs counter that minimum contacts within the judicial district are irrelevant, and that only minimum contacts with the United States are necessary to establish personal jurisdiction. Opp'n at 4. Motions to dismiss for lack of personal jurisdiction generally require the court to accept as true the allegations of the pleadings. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). The parties may submit affidavits in support of their positions and stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge. *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 & n. 1 (3d Cir. 1992); *Myers*, 695 F.2d at 724. Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff. *Carteret*, 954 F.2d at 142 & n.1; *Myers*, 695 F.2d at 724.

An analysis of personal jurisdiction requires an examination of both statutory and constitutional provisions. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996). To satisfy the statutory aspect, service of process must be authorized under governing law. *Pinker*, 292 F.3d at 369. The constitutional aspect of personal

jurisdiction must be analyzed within the context of the "minimum contacts" test enunciated in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). Under this standard, the exercise of personal jurisdiction is permissible if the party has minimum contacts with the territory of the forum and the assertion of jurisdiction comports with "traditional notions of fair play and substantial justice." *Id.* at 316, 66 S.Ct. 154 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). Only if both these conditions are satisfied may the district court exercise personal jurisdiction.

The question of whether service of process on SYK is authorized under governing law turns on Section 1132(e)(2) of ERISA, which provides for nationwide service of process. *See* 29 U.S.C. § 1132(e)(2). Some courts have read this provision, in conjunction with Fed. R. Civ. P. 4(k), to mean that any federal district court may exercise personal jurisdiction in ERISA matters. *See e.g.*, *Medical Mut. of Ohio v. deSoto*, 245 F.3d 561, 567 (6th Cir. 2001). While the Third Circuit has not addressed the jurisdictional reach of Section 1132(e)(2), it has held in other contexts that "a federal court's personal jurisdiction may be assessed on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (Securities Act); *see also In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.2d 288, 298-99 (3d Cir. 2004) (personal jurisdiction under the Clayton Act should be assessed "on the basis of a defendant's aggregate contacts with the United States as a whole"). Thus, it is reasonable to conclude that in ERISA cases, as in similar statutory federal litigation, personal jurisdiction is not limited to a defendant's contacts with a particular federal judicial district. *See Pinker*, 292 F.3d at 370-71; *see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d

935, 946-47 (11th Cir. 1997).  There is no dispute that SYK conducts business and maintains minimum contacts within the United States as a whole.

In addition to the requisite minimum contacts, the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.  *See Pinker*, 292 F.3d at 370.  SYK preliminarily contends that it would face hardship if forced to litigate in this forum because it has no physical presence in Pennsylvania and because witnesses and documents relevant to the case are located in Oregon.  Mtn. at 10.  This argument is not compelling.  *See e.g.*, *Heft v. AIA Corp.*, 355 F.Supp.2d 757, 759 (M.D.Pa. 2005) (the reasonableness of the forum is "gauged on the basis of actual burdens, not fictional boundaries").  SYK's counsel in this matter, having numerous offices in Pennsylvania,[1] is undoubtedly able to represent SYK in physical proceedings and, "[c]ertainly, 'in this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000) (citing *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 201 (E.D.Pa. 1974)); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002) ("the conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago") (internal citation omitted).

Further, a substantial amount of litigation related to what plaintiffs refer to as "the Koresko arrangement" is already pending in the Eastern District of Pennsylvania,[2] and the Third Circuit has suggested that all Koresko litigation be assigned to one district judge.  *Secretary of Labor v. Koresko*, 377 F.App'x 238 (3d Cir. 2010).  Given the Third Circuit's specific

---

[1] The Court takes judicial notice of the fact that Swartz Campbell, LLC, maintains offices in Allentown, Media, Pittsburgh, Philadelphia, Scranton, and the Harrisburg area.  *See* Fed. R. Evid. 201.

[2] *Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Trust v. Castellano* (E.D.Pa. Case No. 03-6903); *Solis v. Koresko* (E.D.Pa. Case No. 09-0988); *Langlais v. PennMont Benefit Services, Inc.* (E.D.Pa. Case No. 11-5275); *Kalan v. Koresko Financial LP* (E.D.Pa. Case No. 14-5216); and *Greils v. Koresko Financial LP* (E.D.Pa. Case No. 15-5224), among others.

recommendation that a single district judge handle the related litigation, its rulings in other nationwide service of process cases, and SYK's failure to demonstrate a significant hardship if compelled to litigate in the Eastern District of Pennsylvania, SYK's motion to dismiss for lack of personal jurisdiction is denied.

### B. Severance

SYK argues that the claims against it are not properly joined because the allegations arise out of separate and distinct transactions that share no common questions of law or fact. Mtn. at 16. Defendants may be joined in a single action if: (1) a right to relief arises out of the same transaction or occurrence, or series of transactions or occurrences; and, (2) there are common questions of law or fact arising from the action. Fed. R. Civ. P. 20. Within these parameters, the joinder of claims, parties, and remedies "is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966); *see also Miller v. Hygrade Food Products Corp.*, 202 F.R.D. 142, 144 (E.D.Pa. 2001) (permissive joinder "is to be liberally granted").

Plaintiffs allege in great detail the origins and operation of what they term "the Koresko arrangement." Complaint ¶¶ 18-33. Using these allegations a platform, plaintiffs assert that SYK represented members of the Koresko arrangement in a lawsuit arising from the denial of benefits to an ERISA plan beneficiary, and was paid with trust assets. Complaint ¶¶ 61-63. While the payment to SYK for its services may have represented a discrete act, it is nevertheless alleged to be part of a series of transactions or occurrences in which trust funds were habitually misused. SYK is also alleged to have been aware of both its co-defendants' breach of fiduciary duties as well as the wrongfulness of the transfer that constituted payment for SYK's services. *Id.* Given the inherent common questions of law and fact arising from this series of transactions or occurrences, SYK's motion to sever is denied.

### C. Failure to State a Claim

Within the Complaint, the defendant law firms and attorneys-at-law are jointly referred to as the "Attorney Defendants," and all defendants are referred to collectively as the "Recipient Defendants."  See Complaint ¶ 6.  Count VII (malpractice and fiduciary breach) of the Complaint is a claim against the "Attorney Defendants," while Counts III (ERISA violations) and IV (disgorgement) are claims against "the Recipient Defendants."  Thus, SYK is implicated in Counts III, IV, and VII.  See Complaint ¶¶ 96-100.  SYK moves to dismiss each of them.

The Court first notes that Count IV (disgorgement) is a remedy, not an independent cause of action; accordingly, Count IV must be dismissed.  *See e.g.*, *SEC v. Hughes Capital Corp.*, 124 F.3d 449, 455 (3d Cir. 1997) ("[d]isgorgement is an equitable remedy") (internal quotation and citation omitted); *Performance HR Ltd.*, *Inc. v. Archway Ins. Services LLC*, 2008 WL 4739381 (E.D.Pa. October 23, 2008) ("[i]ncluding a separate claim for disgorgement is duplicative and unnecessary" because it is not an independent cause of action).

With respect to Count VII (malpractice and fiduciary breach), SYK assumed that Oregon law should apply and framed its argument accordingly, without properly addressing the choice of laws issue.  Mtn. at 24-27.  Plaintiffs contended that Pennsylvania law should apply but neither did they engage in a choice of laws analysis.  When a district court hears a state law claim based on supplemental jurisdiction, the court must "determine whether, under *Erie,* the matter is procedural or substantive. If the matter is procedural, and an applicable federal statute, rule, or policy exists, then federal procedural law applies; if the matter is substantive, the court must apply the substantive law of the forum state."  *Chin v. Chrysler LLC*, 538 F.3d 272, 278 (3d Cir. 2008) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).  Assuming that the viability of a malpractice/breach of fiduciary claim raises issues of substantive law, Pennsylvania's choice of

law analysis would control the analysis. The first step in the analysis would be to determine whether a real conflict exists between the applicable laws of each state. Then, the Court would examine the policies underlying each state's law to classify the conflict as true, false, or an unprovided for situation. And, finally, the Court would be tasked with determining which state has the greater interest in the application of its law. *See Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 229-30 (3d Cir. 2007).

Neither party having briefed the choice of laws issue, the analysis cannot be done and the Court is unable to determine at this juncture whether or not plaintiffs have failed to state a claim as to Count VII. Accordingly, SYK's motion to dismiss Count VII is denied. *See e.g.*, *Brown v. Stachelek*, 1995 WL 435316 (E.D.Pa. July 20, 1995) (declining to dismiss where the court was "unable to state to a legal certainty that [plaintiff] has failed to allege a valid claim" due to the procedural posture of the case and the paucity of factual record); *Simril v. Twp. of Warwick*, 2001 WL 910948 (E.D.Pa. August 13, 2001) ("the granting of a Rule 12(b)(6) motion to dismiss is highly disfavored, and only appropriate where it is certain that no relief could be granted") (citation omitted).

Finally, as to Count III (ERISA violations), plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs assert a claim pursuant to Section 502(a)(3) of ERISA, in which a non-fiduciary to an ERISA plan can be subject to a suit by plan beneficiaries if: (1) funds rightfully belonging to a plan were wrongfully transferred to the non-fiduciary; (2) the non-fiduciary had "actual or constructive knowledge" of the circumstances that rendered the transfer wrongful; and (3) the plan seeks appropriate equitable relief. *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 251 (2000); 29 U.S.C. § 1132 (a)(3). Plaintiffs contend that SYK is a non-fiduciary alleged to have accepted payments from trust accounts

while it had actual or constructive notice that the payments were in breach of Koresko *et al.*'s fiduciary duties. *See* Complaint ¶¶ 61-63.

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In this case, while the Court is permitted to draw reasonable inferences in plaintiffs' favor, they have failed to plead any facts as to the illegality of the transfer of funds to SYK, which, as outlined in *Harris Trust*, is a necessary element of Section 502(a)(3). Plaintiffs' mere assertion that the payment to SYK came from a trust account is, on its own, insufficient to demonstrate that the transfer was wrongful or that it represented a breach of the client's fiduciary duties. *See Iqbal*, 556 U.S. at 678 (a pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice) (internal citation and quotation omitted).

Plaintiffs also fail to identify, even generally, the alleged documents or information that would have led to SYK's actual or constructive knowledge of the circumstances that rendered the transfer wrongful. Complaint ¶¶ 62-63; *see also Burtch*, 662 F.3d at 220 ("[a] complaint satisfies the plausibility standard when the factual pleadings allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (internal citation and quotation omitted). It is certainly conceivable that a law firm would review documents in relation to its representation of a client, but the Court cannot simply assume the contents, nature, or existence of unspecified documents that plaintiffs claim put SYK on notice of the wrongfulness of the transfer. *See Twombly*, 550 U.S. at 547 ("[b]ecause plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"); *cf. AirTran Airways, Inc. v. Elem*, 771 F.SUpp.2d 1344 (N.D.Ga. 2011) (plaintiffs

successfully pleaded that a non-fiduciary law firm had actual knowledge of wrongfulness as demonstrated by two letters sent to the firm by an insurance company).

Plaintiffs' allegations fall short of establishing that funds rightfully belonging to an ERISA plan were wrongfully transferred and that SYK had actual or constructive knowledge of the circumstances that rendered the transfer wrongful.  Accordingly, SYK's motion to dismiss Count III for failure to state a claim is granted.


Dated: **December 3, 2015**


                                      **BY THE COURT:**

                                      /s/ **Wendy Beetlestone**
                                      _____
                                      **WENDY BEETLESTONE, J.**