IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY KALAN, M.D., THE HARVEY KALAN, M.D., INC. EMPLOYEE WELFARE BENEFIT PLAN, PAMELA K. ERDMAN, M.D., THE DE. PAMELA K. ERDMAN, M.D., INC. EMPLOYEE WELFARE BENEFIT PLAN, GRETCHEN CASTELLANO, DR. MARTIN ZENNI, DR. ELISSA ZENNI and THE M&E ZENNI INC., WELFARE BENEFIT PLAN, Plaintiffs, | CIVIL ACTION NO.  15-1435 |
| v. | |
| FARMERS & MERCHANTS TRUST COMPANY OF CHAMBERSBURG, LAWRENCE KORESKO, KORESKO FINANCIAL, LLP, FREEDOM BROKERS, LLC, PENNMONT BENEFITS, INC., DEON DANIEL, LINCOLN NATIONAL CORPORATION, SAMUELS, YOELIN KANTOR, LLP, JEFFREY NIEMAN, LOCKE LORD BISSELL & LIDDELL, LLP, ANDERSON KILL & OLICK, P.C., CHAPLIN & DRYSDALE, GATES HALBRUNER & HATCH, CHRISTIE PABARUE MORTEN & YOUNG, JEFFERSON GOVERNMENT RELATIONS, THEODORE HOBSON, BONNIE KORESKO and JOHN DOE COMPANIES 1-50, Defendants. | |

## MEMORANDUM OPINION

Plaintiffs bring this action against Defendant Christie Pabarue Morten & Young

("Christie Pabarue"), a law firm, seeking disgorgement of $250,000 in fees.  Plaintiffs allege that

Christie Pabarue represented the Single Employer Welfare Benefit Plan Trust ("the Trust") in

2011, that Christie Pabarue knew the payment for its services improperly transferred Employee

Retirement Income Security Act of 1974 ("ERISA") plan assets, and that Christie Pabarue committed malpractice and breach of fiduciary duty. Before the Court is Christie Pabarue's motion to dismiss Plaintiffs' First Amended Complaint for failure to state a claim. For the reasons that follow, Christie Pabarue's motion is granted in part and denied in part. As the Court writes for the parties, familiarity with the underlying factual and procedural history of this matter is assumed.

## I.     STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, "accepted as true," to state a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it falls short of "the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations and citations omitted).

## II.    DISCUSSION

In the First Amended Complaint, the defendant law firms and attorneys-at-law are jointly referred to as the "Attorney Defendants," and all defendants are referred to collectively as the "Recipient Defendants." *See* First Amended Complaint ¶¶ 4-6. Counts III (ERISA violations) and IV (aiding and abetting fiduciary breach) are claims against "the Recipient Defendants," while Count VII (malpractice and fiduciary breach) is a claim against the "Attorney Defendants." Thus, Christie Pabarue is implicated in Counts III, IV, and VII; it moves to dismiss each of them.

At the outset, the Court rejects Plaintiffs' argument that Christie Pabarue has waived the right to move to dismiss; the additional facts and entirely new claim in Count IV weigh in favor

of allowing Christie Pabarue the opportunity to challenge the sufficiency of the complaint. *See* Fed. R. Civ. P. 12(h)(2).

## A.  Count III – ERISA, 29 § U.S.C. 1132(a)(3)

In Count III, Plaintiffs assert a claim pursuant to Section 502(a)(3) of ERISA, by which a non-fiduciary can be subject to a suit by ERISA plan beneficiaries if: (1) funds rightfully belonging to a plan were wrongfully transferred to the non-fiduciary; (2) the non-fiduciary had "actual or constructive knowledge" of the circumstances that rendered the transfer wrongful; and (3) the plan seeks appropriate equitable relief. *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 251 (2000); 29 U.S.C. § 1132 (a)(3).  In addition to language within the First Amended Complaint, Plaintiffs have incorporated by reference the Memorandum Opinion issued in *Perez v. Koresko, et al*, 86 F.Supp.3d 293 (E.D. Pa. 2015).

The First Amended Complaint alleges that an attorney with Christie Pabarue was co-counsel with Koresko in *Single Employer Welfare Benefit Plan Trust v. Connelly, et al*, Civ. A. No. 11-5276 (E.D. Pa. 2011) ("*Connelly*").  Plaintiffs allege that Koresko paid Christie Pabarue $250,000 for the representation, which they claim constituted a wrongful transfer of funds rightfully belonging to the ERISA plans.  Christie Pabarue argues that Plaintiffs have failed to allege that the firm possessed actual or constructive knowledge of the wrongfulness of the transfer and, in support, have attached a copy of the check to their motion.  Mtn., Exhibit A.  *See In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) (documents "upon which the claims made therein were based" can be considered as part of a motion to dismiss).  The check is dated August 17, 2012, made out to "Christie Pabarue et al IOLTA," and the "FOR" line is explained out as "Koresko / Pennmont matter."  Mtn., Exhibit A.  The relevant routing and account numbers are present, but the drawing account is not named.  *Id.*

3

Briefly, in the *Connelly* action, Koresko sought an emergency injunction enjoining Claire M. Connelly, an arbitrator with the American Arbitration Association, from conducting any arbitration or rendering any decision with respect to the arbitration in *Langlais v. PennMont Benefit Services*, No. 11–5275 (E.D. Pa. 2012).  Christie Pabarue never entered a notice of appearance in *Langlais*, and it is noteworthy that in *Connelly* the Motion for a Temporary Restraining Order, Motion for an Emergency Injunction, Motion for Extension of Time, Motion for Preliminary Injunction, and Response in Opposition to the Motion to Dismiss were filed solely by Koresko.[1]  *See Connelly*, 11-5276, Docket Nos. 4, 5, 24, 26, 35.

Moreover, Plaintiffs have failed to allege facts that would explain why review of any *Langlais* documents, let alone those that would raise an attorney's suspicions, would have been necessary to the firm's representation in *Connelly*.  While it is certainly conceivable that a law firm would review documents in relation to its representation of a client, the Court cannot simply assume the contents, nature, or existence of unspecified documents that Plaintiffs claim put Christie Pabarue on notice of the wrongfulness of the payment – particularly where Christie Pabarue was not even the counsel of record in *Langlais*.  *Cf. AirTran Airways, Inc. v. Elem*, 771 F.Supp.2d 1344 (N.D.Ga. 2011) (plaintiffs successfully pleaded that a non-fiduciary law firm had actual knowledge of wrongfulness as demonstrated by two letters sent to the firm by an insurance company).

With regard to the $250,000 check itself, Christie Pabarue points out that it does not have any identifying characteristics that would have alerted the firm as to its origin from a trust account.  Plaintiffs' only response to this evidence is that the lack of a named account should

---

[1] The court docket in *Connelly* does not indicate Christie Pabarue's duration as co-counsel or the depth of their involvement in the case.

have raised suspicions to such a degree that Christie Pabarue had a duty of inquiry; they do not cite any precedence supporting that argument.

In short, Plaintiffs' allegations fail to establish that funds rightfully belonging to an ERISA plan were wrongfully transferred and that Christie Pabarue had actual or constructive knowledge of the circumstances that rendered the transfer wrongful.  *See Iqbal*, 556 U.S. at 678 (a pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice) (internal citation and quotation omitted).  Accordingly, Christie Pabarue's motion to dismiss Count III for failure to state a claim is granted.

**B.  Count IV – Common Law Aiding & Abetting**

In Count IV, Plaintiffs assert a claim of common law aiding and abetting and knowingly participating in a fiduciary's breach.  The elements of a claim of aiding and abetting breach of fiduciary duty under Pennsylvania law are: "(1) a breach of fiduciary duty owed to another; (2) knowledge of the breach by the aider and abettor; and, (3) substantial assistance or encouragement by the aider and abettor in effecting that breach."  *Baker v. Family Credit Counseling Corp.*, 440 F.Supp.2d 392, 417-18 (E.D. Pa. 2006); *Koken v. Steinberg*, 825 A.2d 723, 731 (Pa. Commw. Ct. 2003).

As discussed *supra* at II.A., Plaintiffs have failed to sufficiently allege actual or constructive knowledge of Koresko's fiduciary breach.  Therefore, as with Count III, Count IV must also be dismissed.

**C.  Count VII – Common Law Breach of Fiduciary Duty & Malpractice**

Count VII alleges common law breach of fiduciary duty and malpractice arising from Christie Pabarue's representation in *Single Employer Welfare Benefit Plan Trust v. Connelly*, Civ. A. No. 11-5276 (E.D.Pa. 2011).  *See* First Amended Complaint ¶¶ 119-123.  The three

elements for establishing legal malpractice in Pennsylvania are: "(1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff." *Rizzo v. Haines*, 555 A.2d 58, 65 (Pa. 1989); *see also Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992) (an attorney's fiduciary duty "demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest").

Plaintiffs have alleged that Christie Pabarue acted as co-counsel for one of the trusts and advocated "positions on behalf of Koresko *et al.* that were directly adverse to the interests of the Trusts" and failed "to insist that the Trusts retain independent counsel and appoint an independent trustee *ad litem . . . .*" First Amended Complaint ¶¶119-123.  In conjunction with the *Perez* decision (*Perez*, 85 F.Supp.3d at 366-68, 372-95), incorporated into the First Amended Complaint by reference, Plaintiffs have alleged sufficient facts to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.  Accordingly, the motion to dismiss Count VII must be denied.

Despite all federal claims having been dismissed, this Court exercises discretionary jurisdiction  over the remaining state law claim.  *See* 28 U.S.C. § 1367(a); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("wide discretion . . . best serves the principles of judicial economy, procedural convenience, fairness to litigants, and comity to the States"); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right").  A substantial amount of litigation related to what Plaintiffs refer to as "the Koresko arrangement" is already pending in the Eastern District of

Pennsylvania,[2] and the Third Circuit has previously suggested that all Koresko litigation be assigned to one district judge. *See Secretary of Labor v. Koresko*, 377 Fed. App'x 238 (3d Cir. 2010).

An appropriate Order follows.

Dated: **May 12, 2016**

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

_____

**WENDY BEETLESTONE, J.**

---

[2] *Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Trust v. Castellano* (E.D.Pa. Case No. 03-6903); *Solis v. Koresko* (E.D.Pa. Case No. 09-0988); *Langlais v. PennMont Benefit Services, Inc.* (E.D.Pa. Case No. 11-5275); *Kalan v. Koresko Financial LP* (E.D.Pa. Case No. 14-5216); and *Greils v. Koresko Financial LP* (E.D.Pa. Case No. 15-5224), among others.