**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HARVEY KALAN, M.D., THE HARVEY KALAN, M.D., INC. EMPLOYEE WELFARE BENEFIT PLAN, PAMELA K. ERDMAN, M.D., THE DE. PAMELA K. ERDMAN, M.D., INC. EMPLOYEE WELFARE BENEFIT PLAN, GRETCHEN CASTELLANO, DR. MARTIN ZENNI, DR. ELISSA ZENNI and THE M&E ZENNI INC., WELFARE BENEFIT PLAN,** Plaintiffs, | **CIVIL ACTION**  NO.  15-1435 |
| **v.** | |
| **FARMERS & MERCHANTS TRUST COMPANY OF CHAMBERSBURG, LAWRENCE KORESKO, KORESKO FINANCIAL, LLP, FREEDOM BROKERS, LLC, PENNMONT BENEFITS, INC., DEON DANIEL, LINCOLN NATIONAL CORPORATION, SAMUELS, YOELIN KANTOR, LLP, JEFFREY NIEMAN, LOCKE LORD BISSELL & LIDDELL, LLP, ANDERSON KILL & OLICK, P.C., CHAPLIN & DRYSDALE, GATES HALBRUNER & HATCH, CHRISTIE PABARUE MORTEN & YOUNG, JEFFERSON GOVERNMENT RELATIONS, THEODORE HOBSON, BONNIE KORESKO and JOHN DOE COMPANIES 1-50,** Defendants. | |

**MEMORANDUM OPINION**

Plaintiffs bring this action against Defendant Samuels, Yoelin Kantor, LLP ("SYK"), a law firm, seeking disgorgement of fees.  Plaintiffs allege that SYK represented John J. Koresko ("Koresko") and others in Employee Retirement Income Security Act of 1974 ("ERISA") litigation, that SYK knew the payment for its services improperly transferred ERISA-plan assets,

and that SYK thereby committed malpractice and breach of fiduciary duty.  Before the Court is

SYK's motion to dismiss Plaintiffs' First Amended Complaint for failure to state a claim and for

lack of personal jurisdiction.  For the reasons that follow, SYK's motion is denied.  As the Court

writes for the parties, familiarity with the underlying factual and procedural history of this matter

is assumed.

## I.      STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations,

accepted as true, to state a claim for relief "that is plausible on its face."  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Where a

complaint pleads facts that are "merely consistent with" a defendant's liability, it falls short of

"the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotations

and citations omitted).

## II.     DISCUSSION

In the First Amended Complaint, the defendant law firms and attorneys-at-law are jointly

referred to as the "Attorney Defendants," and all defendants are referred to collectively as the

"Recipient Defendants."  *See* First Amended Complaint ¶¶ 4-6.  Counts III (ERISA violations)

and IV (aiding and abetting fiduciary breach) are claims against "the Recipient Defendants,"

while Count VII (malpractice and fiduciary breach) is a claim against the "Attorney Defendants."

Thus, SYK is implicated in Counts III, IV, and VII; it moves to dismiss each of them.

### A.  Count III – ERISA, 29 § U.S.C. 1132(a)(3)

In Count III, Plaintiffs assert a claim pursuant to Section 502(a)(3) of ERISA, by which a

non-fiduciary can be subject to a suit by ERISA plan beneficiaries if: (1) funds rightfully

belonging to a plan were wrongfully transferred to the non-fiduciary; (2) the non-fiduciary had

"actual or constructive knowledge" of the circumstances that rendered the transfer wrongful; and (3) the plan seeks appropriate equitable relief. *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 251 (2000); 29 U.S.C. § 1132(a)(3).

The First Amended Complaint alleges that SYK represented John J. Koresko ("Koresko"), an ERISA fiduciary, and others in *Bogatay Trust of 2000 v. PennMont Benefit Services, Inc.*, Civ. A. No. 13-cv-0700 (D. Or. 2013) ("*Bogatay*"); Plaintiffs now seek disgorgement of fees paid in connection with that representation. *See* First Amended Complaint ¶¶ 72-78, 103-106. The complaint in *Bogatay* "contained numerous allegations that Koresko *et al.* were defrauding the [ERISA] Trusts," which Plaintiffs argue put SYK on notice of Koresko's "proclivities" towards fraud. First Amended Complaint ¶¶ 73. The payments to SYK for that representation are also alleged to have come "from accounts denominated as Trust accounts," thereby putting SYK on notice of the wrongfulness of the transfer. *Id.* at ¶ 76. In addition to language in the First Amended Complaint, Plaintiffs have incorporated by reference the Memorandum Opinion issued in *Perez v. Koresko, et al*, 86 F.Supp.3d 293 (E.D. Pa. 2015), which explores Koresko's wrongs in greater depth.

Initially, SYK argues that the funds it received from Koresko *et al* were not related to *Bogatay*, but arose from its representation in *RAM Technical Services v. Koresko*, 2005 WL 6358783 (D. Or. Sep. 22, 2005); in *Perez*, the court determined that the *RAM Technical Services* payments were not violative of ERISA. *Perez*, 86 F.Supp.3d at 390. However, the decision also found that Koresko and others improperly "caused the transfer of monies" to parties in interest (including SYK), and thereafter specifically identified *Bogatay* in its discussion of Koresko's ERISA violations. *Perez*, 86 F.3d at 389-91. A district court "must accept all of the complaint's well-pleaded facts as true." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

3

(discussing *Iqbal*, 556 U.S. at 678).  At this early stage of the litigation, in light of the nature of the allegations in the *Bogatay* case in which SYK represented Koresko, the alleged origin of the funds used to pay SYK and SKY's knowledge thereof, and the Court's related factual findings in *Perez*, Plaintiffs have alleged sufficient facts to "nudg[e] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 547.  Accordingly, SYK's motion to dismiss Count III for failure to state a claim is denied.[1]

**B.  Count IV – Common Law Aiding & Abetting**

In Count IV, Plaintiffs assert a claim of common law aiding and abetting and knowingly participating in a fiduciary's breach.  When a district court hears a state law claim based on supplemental jurisdiction, the court must first "determine whether, under *Erie,* the matter is procedural or substantive. If the matter is procedural, and an applicable federal statute, rule, or policy exists, then federal procedural law applies; if the matter is substantive, the court must apply the substantive law of the forum state."  *Chin v. Chrysler LLC*, 538 F.3d 272, 278 (3d Cir. 2008) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).  A claim of aiding and abetting raises issues of substantive law; therefore, Pennsylvania's choice of law analysis controls.  SYK and Plaintiffs dispute whether to apply the laws of Oregon, where *Bogatay* was filed and where SYK is based, or Pennsylvania, the state in which the trust is domiciled.  Mtn. at 21-26; Opp'n at 10.

The first step is to determine whether a real conflict exists between the applicable laws of each state; if there are no relevant differences between the laws of the two states or if the laws would produce the same result, "the court does not have to engage in a choice of law analysis, and may refer to the states' laws interchangeably."  *See Hammersmith v. TIG Ins. Co.*, 480 F.3d

---

[1] Because the ERISA claim is not being dismissed, there is no need to address SYK's personal jurisdiction argument.  *See* Court's December 3, 2015 Decision, ECF Nos. 110, 111 (discussing ERISA claims and jurisdiction).

220, 229-30 (3d Cir. 2007).  SYK refers to both Oregon and Pennsylvania law without engaging

in a full discussion of whether a conflict exists.  Mtn. at 21-26.   Plaintiffs likewise failed to

present an analysis to the Court, despite being put on notice by the Court's previous decision that

such analysis was necessary.  *See* ECF Nos. 110, 111.  In any event, the elements of a claim of

aiding and abetting breach of fiduciary duty under Pennsylvania law are: "(1) a breach of

fiduciary duty owed to another; (2) knowledge of the breach by the aider and abettor; and, (3)

substantial assistance or encouragement by the aider and abettor in effecting that breach."  *Baker*

*v. Family Credit Counseling Corp.*, 440 F.Supp.2d 392, 417-18 (E.D. Pa. 2006); *Koken v.*

*Steinberg*, 825 A.2d 723, 731 (Pa. Commw. Ct. 2003).  Similarly, Oregon recognizes a cause of

action for "substantially assisting [an]other's breach of a fiduciary duty owed to a third party"

where "the person knows that the other's conduct constitutes a breach of that fiduciary duty."

*Reynolds v. Schrock*, 341 Or. 338, 350 (2006); *see also Granewich v. Harding*, 329 Or. 47, 56

(1999).  There are no relevant differences between the elements of the claim in Oregon and

Pennsylvania; accordingly, the court need not engage in a choice of law analysis, and may refer

to the states' laws interchangeably.[2]  *Hammersmith*, 480 F.3d at 229-30.

Plaintiffs satisfy the first two elements by alleging that Koresko committed a fiduciary

breach, that SYK knowingly accepted payment from trust accounts, and that the complaint in

*Bogatay*, containing numerous allegations of ERISA-related fraud, put SYK on notice of

Koresko's fiduciary breach.  *See* First Amended Complaint ¶¶ 73, 76.  The final element of an

aiding and abetting fiduciary breach claim, "substantial assistance or encouragement," is more

---

[2] SYK argues that, in addition to these elements, a plaintiff bringing an aiding and abetting claim against an attorney
must allege that his conduct went beyond the scope of the attorney-client relationship.  Mtn. at 21-22.  However,
none of the cases SYK cites stand for the proposition that this is a pleading requirement, and the Court could find
none.  *See e.g.*, *Reynolds*, 341 Or. at 354-55 ("On *summary judgment* . . . plaintiff had the burden of producing
evidence that would show [the attorney's] conduct was not privileged because it fell outside the permissible scope of
his role as [the defendant's] lawyer") (emphasis added); *Heffernan*, 189 F.3d at 411-12 (discussing attorney-client
conspiracies as they relate to a federal statute).

problematic in that there is little applicable precedent.  In a similar case, *Adena, Inc. v. Cohn, et al.*, 162 F.Supp.2d 351, 357-58 (E.D. Pa. 2001), the complaint alleged that one of the defendants, Philippe Malecki ("Malecki"), used checks drawn on a corporation's accounts to pay attorneys – Cohn & Associates – for representation in his personal divorce and immigration proceedings.  *Id.* at 355.  Cohn & Associates subsequently billed and received payment from the corporation for their services.  *Id.*  Based upon these facts, shareholders brought an action against Cohn & Associates for aiding and abetting a breach of fiduciary duty arising from the firm's involvement in the scheme.  The court subsequently denied Cohn & Associate's motion to dismiss, finding that the allegations were sufficient to support such a claim.  *Id.* at 357-58.  In this case, Plaintiffs' allegations, discussed *supra*, closely parallel those in *Adena*.  In light of the nature of the allegations in the *Bogatay* case in which SYK represented Koresko, the alleged origin of the funds used to pay SYK, and the Court's related factual findings in *Perez*, Plaintiffs' claims are plausible (*Twombly*, 550 U.S. at 547), and thus SYK's motion to dismiss Count IV for failure to state a claim is denied.

### C.  Count VII – Common Law Breach of Fiduciary Duty & Malpractice

Count VII alleges common law breach of fiduciary duty and malpractice arising from SYK's representation of Koresko *et al* in *Bogatay*.  *See* First Amended Complaint ¶¶ 119-23.  As with Count IV, the Court must determine whether a real conflict exists between the laws of each state before deciding the motion.  *See Hammersmith*, 480 F.3d at 229-30.  The three elements necessary to establish legal malpractice in Pennsylvania are: "(1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff."  *Rizzo v. Haines*, 555 A.2d 58, 65 (Pa. 1989); *see also Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*,

602 A.2d 1277, 1283 (Pa. 1992) (an attorney's fiduciary duty "demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest").  Similarly, Oregon requires that a plaintiff allege and prove "(1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages; and (4) *causation, i.e.,* a causal link between the breach of duty and the harm."  *Stevens v. Bispham*, 316 Or. 221, 227 (1993) (emphasis in original).  There appear to be no relevant differences between the laws of the two states; "the court does not have to engage in a choice of law analysis, and may refer to the states' laws interchangeably."  *Hammersmith*, 480 F.3d at 229-30.

SYK asserts that Plaintiffs have failed to allege: (1) actual loss or harm to the trusts; and (2) an attorney-client relationship that would serve as the basis for a duty to Plaintiffs.  Mtn. at 26.  The harm and losses to the trusts were explored at length in the *Perez* decision and need not be repeated here.  *Perez*, 86 F.Supp.3d at 372-97.  Moreover, Plaintiffs correctly point out that the First Amended Complaint alleges that SYK entered an appearance in *Bogatay* on behalf of Penn Public Trust in its capacity as trustee of the REAL VEBA trust.  *See* First Amended Complaint ¶ 72.  Plaintiffs allege that, as a result of that relationship, SYK owed the trust a fiduciary duty that extended to them as beneficiaries, and that SYK breached that duty by taking "positions on behalf of Koresko *et al.* that were directly adverse to the interests of the Trusts" and by failing "to insist that the Trusts retain independent counsel and appoint an independent trustee *ad litem* . . . ."  *Id.* at ¶¶119-23.  Having offered facts to support each element of the claim, Plaintiffs' claims are plausible (*Twombly*, 550 U.S. at 547), and the motion to dismiss Count VII for failure to state a claim is denied.

**BY THE COURT:**
**/S/WENDY BEETLESTONE, J.**

**WENDY BEETLESTONE, J.**