IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY KALAN, M.D., THE HARVEY KALAN, M.D., INC. EMPLOYEE WELFARE BENEFIT PLAN, PAMELA K. ERDMAN, M.D., THE DE. PAMELA K. ERDMAN, M.D., INC. EMPLOYEE WELFARE BENEFIT PLAN, GRETCHEN CASTELLANO, DR. MARTIN ZENNI, DR. ELISSA ZENNI and THE M&E ZENNI INC., WELFARE BENEFIT PLAN, Plaintiffs, v. FARMERS & MERCHANTS TRUST COMPANY OF CHAMBERSBURG, LAWRENCE KORESKO, KORESKO FINANCIAL, LLP, FREEDOM BROKERS, LLC, PENNMONT BENEFITS, INC., DEON DANIEL, LINCOLN NATIONAL CORPORATION, SAMUELS, YOELIN KANTOR, LLP, JEFFREY NIEMAN, LOCKE LORD BISSELL & LIDDELL, LLP, ANDERSON KILL & OLICK, P.C., CHAPLIN & DRYSDALE, GATES HALBRUNER & HATCH, CHRISTIE PABARUE MORTEN & YOUNG, JEFFERSON GOVERNMENT RELATIONS, THEODORE HOBSON, BONNIE KORESKO and JOHN DOE COMPANIES 1-50, Defendants. | CIVIL ACTION  NO.  15-1435 |

## MEMORANDUM OPINION

Plaintiffs bring this action against Defendant Law Offices of Scott Alan Orth, P.A.

("SAO"), a law firm, seeking disgorgement of fees it received for representing Lawrence

Koresko and others in Employee Retirement Income Security Act of 1974 ("ERISA") litigation.

Plaintiffs allege that SAO knew the payment for its services improperly transferred ERISA-plan

assets and advocated positions that were adverse to the interests of its clients.  Before the Court is SAO's motion to dismiss Plaintiffs' First Amended Complaint for failure to state a claim and lack of personal jurisdiction.[1]  As the Court writes for the parties, familiarity with the underlying factual and procedural history of this matter is assumed.

## I.      STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, "accepted as true," to state a claim for relief "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it falls short of "the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotations and citations omitted).  Determining whether a complaint meets the pleading standard involves a three-step analysis: (1) "outline the elements a plaintiff must plead to state a claim for relief"; (2) "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly rise to an entitlement to relief.'"  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679) (citations omitted).

## II.     DISCUSSION

In the First Amended Complaint, the defendant law firms and attorneys-at-law are jointly referred to as the "Attorney Defendants," and all defendants are referred to collectively as the "Recipient Defendants."  *See* First Amended Complaint ¶¶ 4-6.  Counts III (ERISA violations) and IV (aiding and abetting fiduciary breach) are claims against "the Recipient Defendants,"

---

[1] As discussed *infra*, the Court need not address personal jurisdiction under state law because it is exercising discretionary supplemental jurisdiction over the remaining state law claim.

while Count VII (malpractice and fiduciary breach) is a claim against the "Attorney Defendants." Thus, SAO is implicated in Counts III, IV, and VII; it moves to dismiss each of them.

### A. Count III – ERISA, 29 § U.S.C. 1132(a)(3)

In Count III, Plaintiffs assert a claim pursuant to Section 502(a)(3) of ERISA, by which a non-fiduciary can be subject to a suit by ERISA plan beneficiaries if: (1) funds rightfully belonging to a plan were wrongfully transferred to the non-fiduciary; (2) the non-fiduciary had "actual or constructive knowledge" of the circumstances that rendered the transfer wrongful; and (3) the plan seeks appropriate equitable relief. *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 251 (2000); 29 U.S.C. § 1132(a)(3). In addition to language within the First Amended Complaint, Plaintiffs have incorporated by reference the Memorandum Opinion issued in *Perez v. Koresko, et al*, 86 F.Supp.3d 293 (E.D. Pa. 2015).

The First Amended Complaint alleges that SAO received two payments for its representation of Lawrence Koresko and PennMont Benefit Services, Inc., an ERISA plan administrator, that violated ERISA: (1) $5,000 in 2010; and (2) $50,000 in 2014, sent to SAO through a third party.[2] Plaintiffs allege SAO had knowledge of the wrongfulness of the transfers because the underlying cases contained breach of fiduciary duty allegations. *See* First Amended Complaint at ¶¶ 79, 92-96. In its motion to dismiss, SAO argues that Plaintiffs have failed to the plead actual or constructive knowledge and, in support, submitted documents including the complaints from the cases at issue. *See In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) (documents "upon which the claims made therein were based" can be considered as part of a motion to dismiss). Examining the 2010 complaint first, *Thomas Y. Crowe, et al. v. Penn Mutual Life Insurance Co., et al.*, Civ. A. No. 16-2010-CA-007896 (Fla.

---

[2] The First Amended Complaint does not offer an exact date for the $50,000 transfer, although the receipt attached to SAO's motion is dated April 30, 2014. Mtn., Ex. C.

4th Cir. Ct. 2010) ("*Crowe*"), Plaintiffs are correct that claims were made for breach of fiduciary duty and fraud.  However, the complaint makes clear that the allegations are entirely unrelated to ERISA matters or self-dealing of the kind discussed at length in *Perez*.  Briefly, the plaintiffs in *Crowe* accused Lawrence Koresko and others of misleading them as to the tax-exempt status of certain insurance policy premiums, a fact that ultimately forced the plaintiffs to pay hundreds of thousand dollars in Internal Revenue Service taxes and fees.  Mtn., Ex. A.  When the *Crowe* plaintiffs attempted to obtain the cash value of the policies, they were allegedly rebuffed by the defendants.  *Id.*  None of these allegations would have put SAO on notice of the kind of fraud and self-dealing identified in *Perez* or would have led SAO to believe that the payment it received was wrongful under ERISA.

Regarding the second payment SAO received from the trusts, in the amount of $50,000, Plaintiffs concede that John Koresko transferred the funds to SAO through a third party, Jeffrey Neiman.  *See* First Amended Complaint at ¶¶ 92-93.  SAO argues that Plaintiffs have failed to plead actual or constructive knowledge of the wrongfulness of the transfer, and attached a copy of the wire transfer receipt in support.  Mtn., Ex. C.  *See In re Burlington Coat Factory Securities Litig.*, 114 F.3d at 1425 (documents "upon which the claims made therein were based" can be considered as part of a motion to dismiss).  The receipt is dated April 30, 2014, addressed to "Scott Alan Orth P A [sic] Escrow Account," and described as "Incoming wire from Marcus Neiman & Rashbaum for John Koresko."  *Id.*  Nothing on the wire transfer receipt indicates that the payment originated from a trust account, and Plaintiffs did not challenge the legitimacy of the receipt in their opposition papers.

The First Amended Complaint simply alleges that SAO "knew the funds were from the Trusts' assets," and that SAO "knowingly violated an order of this Court."  First Amended

Complaint ¶¶ 92-96.  The Court cannot speculate or supply facts that would have put SAO on notice of the wrongfulness of the payment, particularly in light of the unchallenged documents submitted by SAO.  *Cf. AirTran Airways, Inc. v. Elem*, 771 F.Supp.2d 1344 (N.D. Ga. 2011) (plaintiffs successfully pleaded that a non-fiduciary law firm had actual knowledge of wrongfulness as demonstrated by two letters sent to the firm by an insurance company).

In short, Plaintiffs have failed to allege that SAO had actual or constructive knowledge that funds rightfully belonging to an ERISA plan were wrongfully transferred to them.  *See Iqbal*, 556 U.S. at 678 (a pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice) (internal citation and quotation omitted).  Accordingly, SAO's motion to dismiss Count III for failure to state a claim is granted.

## B.  Count IV – Common Law Aiding & Abetting

In Count IV, Plaintiffs assert a claim of common law aiding and abetting and knowingly participating in a fiduciary's breach.  When a district court hears a state law claim based on supplemental jurisdiction, the court must first "determine whether, under *Erie,* the matter is procedural or substantive.  If the matter is procedural, and an applicable federal statute, rule, or policy exists, then federal procedural law applies; if the matter is substantive, the court must apply the substantive law of the forum state."  *Chin v. Chrysler LLC*, 538 F.3d 272, 278 (3d Cir. 2008) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).

A claim of aiding and abetting raises issues of substantive law; therefore, Pennsylvania's choice of law analysis controls.  The first step is to determine whether a real conflict exists between the applicable laws of each state; if there are no relevant differences between the laws of the two states or if the laws would produce the same result, "the court does not have to engage in a choice of law analysis, and may refer to the states' laws interchangeably."  *See Hammersmith*

*v. TIG Ins. Co.*, 480 F.3d 220, 229-30 (3d Cir. 2007).  SAO argues that the state laws are comparable except that "to the extent that the standard in Pennsylvania is determined to be lower than the standard in Florida, Florida law should apply."  Mtn. at 15-16.   Plaintiffs failed to present an analysis to the Court.

The elements of a claim of aiding and abetting breach of fiduciary duty under Pennsylvania law are: "(1) a breach of fiduciary duty owed to another; (2) knowledge of the breach by the aider and abettor; and, (3) substantial assistance or encouragement by the aider and abettor in effecting that breach."  *Baker v. Family Credit Counseling Corp.*, 440 F.Supp.2d 392, 417-18 (E.D. Pa. 2006); *Koken v. Steinberg*, 825 A.2d 723, 731 (Pa. Commw. Ct. 2003). Similarly, Florida recognizes a cause of action for "aiding and abetting common law torts, such as breach of fiduciary duty."  *AmeriFirst Bank v. Bomar*, 757 F.Supp. 1365, 1380 (S.D. Fla. 1991).  To state a cause of action in Florida, a plaintiff must plead four elements: "(1) a fiduciary duty on the part of the primary wrongdoer, (2) a breach of this fiduciary duty, (3) knowledge of the breach by the alleged aider and abettor and (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing."  *Id.*  There are no apparent differences between the elements of the claim in Florida and Pennsylvania; accordingly, the court need not engage in a choice of law analysis, and may refer to the states' laws interchangeably.  *Hammersmith*, 480 F.3d at 229-30.

As discussed *supra* at II.A., Plaintiffs have failed to sufficiently allege actual or constructive knowledge of the fiduciary breach.  Therefore, as with Count III, Count IV must also be dismissed.

### C.  Count VII – Common Law Breach of Fiduciary Duty & Malpractice

Count VII alleges common law breach of fiduciary duty and malpractice arising from SAO's representation of the trusts in bankruptcy proceedings.  *See* First Amended Complaint ¶ 95.  As discussed *supra* at II.B, the Court must first engage in a choice of laws analysis.

The three elements for establishing legal malpractice in Pennsylvania are: "(1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff."  *Rizzo v. Haines*, 555 A.2d 58, 65 (Pa. 1989); *see also Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992) (an attorney's fiduciary duty "demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest").  Florida recognizes the same elements, requiring a plaintiff to plead "1) the attorney's employment; 2) the attorney's neglect of a reasonable duty; and 3) the attorney's negligence as the proximate cause of loss to the client."  *Law Office of David J. Stern, P.A. v. Sec. Nat. Servicing Corp.*, 969 So.2d 962, 966 (Fla. 2007) (citing *Kates v. Robinson,* 786 So.2d 61, 64 (Fla. 4th Cir. Ct. 2001)).  Because there are no apparent differences between the elements of the claim in Florida and Pennsylvania, the court need not engage in a choice of law analysis.  *Hammersmith*, 480 F.3d at 229-30.

Plaintiffs have alleged that SAO purported to represent the trusts in bankruptcy proceedings, advocated positions that were directly adverse to the interests of the Trusts, and failed "to insist that the Trusts retain independent counsel and appoint an independent trustee *ad litem . . . .*"  First Amended Complaint ¶¶ 119-123.  Although SAO disputes that it represented the trusts (Mtn. at 22), citing to a declaration attached in support of its motion, a district court

7

"must accept all of the complaint's well-pleaded facts as true." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (discussing *Iqbal*, 556 U.S. at 678). These allegations, in conjunction with the *Perez* decision (*Perez*, 85 F.Supp.3d at 366-68, 372-95), incorporated into the First Amended Complaint by reference, are sufficient to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. Accordingly, the motion to dismiss Count VII must be denied.

SAO argues against the exercise of supplement jurisdiction where all federal claims have been dismissed. However, a substantial amount of litigation related to what Plaintiffs refer to as "the Koresko arrangement" is already pending in the Eastern District of Pennsylvania,[3] and the Third Circuit has previously suggested that all Koresko litigation be assigned to one district judge. *See Secretary of Labor v. Koresko*, 377 Fed. App'x 238 (3d Cir. 2010). Therefore, despite all federal claims having been dismissed, this Court exercises discretionary jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(a); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("wide discretion . . . best serves the principles of judicial economy, procedural convenience, fairness to litigants, and comity to the States"); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right").

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

_____

**WENDY BEETLESTONE, J.**

---

[3] *Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Trust v. Castellano* (E.D.Pa. Case No. 03-6903); *Solis v. Koresko* (E.D.Pa. Case No. 09-0988); *Langlais v. PennMont Benefit Services, Inc.* (E.D.Pa. Case No. 11-5275); *Kalan v. Koresko Financial LP* (E.D.Pa. Case No. 14-5216); and *Greils v. Koresko Financial LP* (E.D.Pa. Case No. 15-5224), among others.