## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY KALAN, M.D., *et al.* individually and on behalf of all others similarly situated, | C.A. No.: **2:15-CV-01435-WB** |
| Plaintiffs, | **CLASS ACTION** |
| vs. | |
| FARMERS & MERCHANTS TRUST, et al., | |
| Defendants. | |

### ORDER GRANTING FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT WITH DEFENDANT SAMUELS YOELIN KANTOR LLP AND AWARD OF ATTORNEY FEES, COSTS, AND INCENTIVE PAYMENTS

**AND NOW,** this 9th day of June 2017, upon consideration of Plaintiffs' Motion for Final Approval of Partial Class Action Settlement with Samuels Yoelin Kantor LLP, Plan of Allocation of Settlement Proceeds, Award of Attorneys' Fees and Reimbursement of Expenses (the 'Motion'), including the papers filed in support of the Motion, and the matters addressed at oral argument on the matter, the Court hereby finds as follows:

**WHEREAS,** on March 20, 2015, Plaintiffs Harvey Kalan, M.D., The Harvey Kalan, M.D., Inc. Employee Welfare Benefit Plan, Pamela K. Erdman, M.D., The Dr. Pamela K. Erdman, M.D., Inc. Employee Welfare Benefit Plan, Drs. Martin &Elissa Zenni, and The M&E Zenni Inc. Welfare Benefit Plan (collectively, the "Plaintiffs" or "Class Representatives") filed the above-entitled lawsuit against a number of defendants including Samuels Yoelin Kantor LLP ("SYK") as a class action (the

"Action}

**WHEREAS,** SYK denies each and every claim asserted by the Plaintiffs in the Action;

**WHEREAS**, by Order dated April 3, 2017 (Dkt. No. 342), the Court:

1. Granted preliminary approval to settlement;

2. Certified, for settlement purposes, a class (the "Settlement Class") consisting of: (i) any and all benefit plans whose assets are held by the REAL VEBA Trust or the Single Employer Welfare Benefit Plan Trust (collectively, the "Trusts"); and (ii) any and all participants in the benefit plans whose assets are held by the Trusts; and

3. Approved a plan and form of notice to the Settlement Class;

**WHEREAS,** in accord with the April 3, 2017 order, on April 6, 2017, via email, and on April 11, 2017, via first class mail, Plaintiffs' counsel gave the required notice to the Settlement Class in the manner specified by this Court;

**WHEREAS,** as of May 1, 2017, no Settlement Class Member has filed any written objections to the proposed settlements or plan of allocation nor has any Settlement Class Member otherwise expressed objection to the Court or class counsel;

**WHEREAS,** a fairness hearing was held before this Court on May 2, 2017 to consider, among other things: whether the settlement should be finally approved by this Court as fair, reasonable and adequate; whether the request of counsel for the Plaintiff Class for approval of attorney fees and costs is reasonable and should be approved by this Court; and whether the Class Representatives should be awarded participation payments for their service in this matter; and

**WHEREAS,** pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, more than ninety (90) days have passed since SYK timely mailed notices to the Attorney General of the United States, the Attorneys General of each state in which Class Members reside, and the Attorney General of the District of Columbia, advising of the proposed settlement;

Now, therefore, good cause appearing, **IT IS HEREBY ORDERED THAT:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

**Class Certification**

2.      To issue an order certifying a class, the Court must determine whether the proposed class satisfies the requirements of Rule 23. *See Amchem v. Windsor,* 521 U.S. 591, 620 (1997); *Sullivan* v. *DB Ins., Inc.,* 667 F.3d 273, 296 (3d Cir. 2011). The requirements of Rule 23(a) are: 'V) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Amchem, 521* U.S. at 620. Additionally, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b). *See e.g., Harlan* v. *Transworld Systems, Inc.,* 302 F.R.D. 319 (E.D. Pa. 2014).

3.      Here, the Settlement Class is proper and should be certified, in that it meets each of the criteria established in Rule 23(a) and at least one of the requirements listed in Rule 23(b) as is set forth in detail in this Court's Order of March 8, 2017. (Dkt. No. 337), which Order is

15

incorporated herein by reference.

**4.**     This certification is without prejudice to the right of any non-settling defendant to challenge class certification as to the claims asserted against them.

## Approval of Settlement and Class Notice

**5.**     The Court finds that the Settlement Agreement is the product of good faith, arms' length negotiation by the Parties and their respective representatives, each of whom was represented by experienced counsel.

**6.** The Court approves the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable and adequate and in the best interests of the members of the Plaintiff Class, and hereby directs the Parties to effectuate it in accordance with its terms.

**7.**     The Court finds that the notice given to the Settlement Class pursuant to this Court's Order of April 3, 2017. (Dkt. No. 342) ("the Class Notice") was the best notice practicable, consisting of notice in the form ordered by this Court emailed to the Class Members, and a paper mailing where an email address was not available.

**8.**     The Class Notice advised Class Members of the essential terms of the settlements and set forth the procedure for objecting to the settlements. Thus, the Class Notice provided the necessary information for Class Members to make an informed decision regarding the proposed settlement. The form and method of notice directed notice in a "reasonable manner to all class members who would be bound by the [proposed] judgment." Fed R. Civ. P. 23(e) (l); *Rodriguez v. W Publ'g Corp.,* 563 F.3d 948, 962 (9th Cir. 2009) ("[n]otice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard" ') (citations omitted).

15

### Approval of Plan of Allocation

**9.**     The Court finds fair and reasonable a plan of allocation where the settlement funds that will be paid, less any award of fees and expenses to Class Counsel and payments to the Class Representatives, will be provided to the Independent Fiduciary of the Trusts, for the benefit of the Trusts, and the funds will be distributed in accordance with further direction of the Court as part of the process of dissolving the Trusts in the related case brought by the United States Department of Labor, *Perez v. Koresko et al.,* E.D. Pa., 2:09-cv-0988-WB. *See In re Ikon Office Solutions, Inc. Sec. Litig.,* 1 94 F.R.D. 166, 184 (E.D. Pa. 2000) (assessment of a plan of allocation in a class action under Fed. R. Civ. P. 23 is governed by the same standards of review applicable to the settlement as a whole - the plan must be fair and reasonable); Beecher *v. Able,* 575 F.2d 1010, 1016 (2d Cir. 1978) (district courts enjoy "broad supervisory powers over the administration of class-action settlements to allocate the proceeds among the claiming class members. . . equitably").

### Approval of Counsel Fees and Expenses

**10.**     Having considered the Memorandum of Law in Support of Plaintiffs' Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses Incurred by Plaintiffs and Plaintiffs' Counsel, including the cases cited therein (the "Fee and Expense Memorandum"), the Declarations of Ira Silverstein and David Lefkowitz (Dkt. #344-3) in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation of Settlement Proceeds, Award of Attorneys' Fees and Reimbursement of Expenses, and the files and records in this action, the Court finds:

a.     Plaintiffs' Counsel are entitled to a fee from the common fund created through the settlement in this action, and the fee should be determined as a percentage of the common fund. *See In re AT&T Corp. Sec. Litig.,* 455 F.3d 160, 168-69 (3d Cir. 2006); *In re Prudential,* 148 F.3d at 333; *In re Cendant Corp. Litig.,* 264 F.3d 201,

15

220 (3d Cir. 2001), *cert. denied, Mark v. California Pub. Employees' Ret. Sys.,* 535 U.S. 929 (2002).

        b.      A fee in the amount of 30% from the common fund is fair and reasonable in this matter, considering the factors set out in *Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 195, n.1 (3d Cir. 2000), *citing, In re Prudential, 148* F.3d at 333- 340, as well as the facts set out in Class Counsel 's declarations and in the files and records herein, including:

      i.      The size of the fund created and the large number of persons benefited here;

      ii.      The total absence of objections by members of the class to the settlement terms and the fees proposed in the Class Notice to be awarded to Class Counsel;

      iii.      The skill and efficiency of the Class Counsel and defense counsel;

      iv.      The complexity and duration of the litigation;

      v.      The risk of nonpayment and delay in compensation to Plaintiffs' Counsel;

      vi.      The amount of time devoted to the case by Plaintiffs' Counsel;

      vii.      Awards in other class action cases of 30% or more; and

      viii.      That the requested 30% fee is well within the normal range of contingent fee arrangements in non-class action contingency fee litigation.

        c.      Additionally, a fee of 30% is reasonable after a cross-check of Class Counsel's lodestar as described in the Fee and Expense Memorandum and Class Counsel's declarations in the support of the Motion.

11.    In addition, Plaintiffs' Counsel request reimbursement of expenses in the amount of $712.24 incurred by them in connection with the prosecution of the litigation. The expenses were incurred providing class notice, as well as for other items typically billed by attorneys to fee paying clients in the marketplace, including costs incurred for travel and lodging, photocopying, and overnight mail charges.

12.    For these reasons, and additional ones stated in the Fee and Expense Memorandum, and based upon the Declarations, Class Counsel's request for approval of attorneys' fees and costs in the amount of $9,112.24 ($8,400 for fees and $712.24) for expenses) is approved.

### Approval of Service Payments

13.    Plaintiffs request an incentive payment to three individual class representatives in this action in the total amount of $1,500 ($500 each).

14.    Courts have awarded incentive payments for class representatives to compensate them for the service they provide a class in a class action. *See In re Corel Corp. Inc. Sec. Litig.,* 293 F. Supp. 2d 484, 498 (E.D. Pa. 2003), *citing, Cullen v. Whitman Med. Corp.,* 197 FRD. 136, 144 (E.D. Pa. 2000).

15.    For the reasons stated in the Fee and Expense Brief, the Court finds the incentive payment to class representatives requested to be fair and reasonable.

16.    Class Representatives Harvey Kalan, M.D. and Pamela K. Erdman, are awarded $2,500 each, and Martin and Elisa Zenni are awarded $2,500 total, as incentive payments for their service as class representatives.

### Release and Dismissal of SYK

17.    The paragraphs of the Settlement Agreement, titled "Release of Claims," is

hereby effectuated as a result of this final approval of the settlement. For ease of reference and by way of summary only, the Release of Claims provides that Class Representatives, each and every member of the Plaintiff Class, and the Plaintiff Release Parties, as defined in the Settlement Agreement, fully, finally and forever settle, release, and discharge the Released Parties, as defined in the Settlement Agreement, of and from all Released Plaintiff Claims, as defined in the Settlement Agreement.

**18.** Without affecting the finality of this judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Order, and other matters related or ancillary to the foregoing.

**19.** Within one hundred (100) days of today, Class Counsel shall file with the Court a declaration attesting that all settlement proceeds, less any approved award of fees, expenses, and payments, have been transferred to the Independent Fiduciary of the Trusts for the benefit of the Trusts.

**20.** The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Order of Dismissal with Prejudice be, and hereby is, entered as a final order and judgment, and it shall be entered by the clerk pursuant to the terms and conditions set forth herein.

**21.** The Parties shall bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreements or this Order.

BY THE COURT:

**WENDY BEETLESTONE, J.**

15